Adversary Complaint Case Number:

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:
Barry B. Eskanos
xxx-xx-4050
3122 Pine Tree Drive
Miami Beach, FL 33140
Tel: 305 613-6894
Fax 305 735-3437
bbeskanos@aol.com
Chapter 13

Case No. 16-11916-AJC

Adversary Number:



U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA-Miami

JUN - 6 2016

FILED _____ RECEIVED _____

BARRY B. ESKANOS,

      Plaintiff,

-vs.-

PEIRSONPATTERSON, LLP,
WILLIAM H. PEIRSON,
SAM STRANDMO,
INDECOMM GLOBAL SERVICES,
OCWEN LOAN SERVICING, LLC,
CHRISTIANA TRUST, A DIVISION
OF WILMINGTON SAVINGS FUND
SOCIETY, FSB AS TRUSTEE FOR THE
KNOXVILLE 2012 TRUST, JPMORGAN
CHASE BANK, NA

      Defendants

## VERIFIED COMPLAINT FOR MONEY DAMAGES

### FOR SLANDER OF TITLE FRAUD, AND NEGLIGENCE PER SE

### JURY TRIAL DEMANDED

Plaintiffs Debtor, Barry B. Eskanos, JD MPA, "Plaintiff") alleges as follows against

PEIRSON PATTERSON, LLP AND WILLIAM H. PEIRSON, SAM STRANDMO, AND

INDECOMM GLOBAL SERVICES, OCWEN LOAN SERVICING, LLC, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR THE KNOXVILLE 2012 TRUST, jointly and severally, as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(F), (b)(2)(H), (b)(2)(K). The Court has original jurisdiction to resolve this matter pursuant to FRBP 7001(1) § 547 recovery of money or property, preference; and pursuant to FRBP 7001(2), to determine the Validity, Priority or Extent of Lien or other interest in property.

2. Venue in this Court is proper under 29 U.S.C. § 1408(1) and 1409(a).

### PRELIMINARY STATEMENT

3. Plaintiff Barry B. Eskanos and Ami B. Eskanos are the owners of the real property located at 3122 Pine Tree Drive, Miami Beach, Fl 33140, and whose legal description is:

   **LOT 3, BLOCK 44, ORCHARD SUBDIVISION NO.1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN THE PLAT BOOK 6, PAGE 111, OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA (Folio Number 02-3227-001-0330).**

   **Ami B. Eskanos has assigned all of her rights to recover and all right title and interest in any recovery to Barry B. Eskanos prior to the filing of this action.**

4. On or about June 26th, 2014, Defendants, PEIRSON PATTERSON, LLP AND WILLIAM H. PEIRSON, prepared and recorded, a Florida Assignment of Mortgage only, Exhibit 1,

CFN 20140457302 BOOK 29208, PAGE 4265 in the Official Records of Miami Dade County.

5. On or about June 26th, 2014, Defendants, PEIRSON PATTERSON, LLP AND WILLIAM H. PEIRSON, prepared and recorded, a Florida Assignment of Mortgage only, Exhibit 2, CFN 20140457301 BOOK 29208, PAGE 4256 in the Official Records of Miami Dade County.

6. On or about June 10th, 2014, Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES prepared and recorded a Florida Assignment of Mortgage only, Exhibit 5, CFN 20140415476 BOOK 29186, PAGE 4733 in the Official Records of Miami Dade County.

7. On or about October 16th, 2014, Defendants, PEIRSON PATTERSON, LLP AND WILLIAM H. PEIRSON, prepared and recorded a Florida Rescission of Assignment, RESCINDING BOTH THE ASSIGNMENT OF THE NOTE AND THE MORTGAGE, Exhibit 3, CFN 20140717301, BOOK 29350, PAGE 4539, of the Assignment of Mortgage, Exhibit 1, CFN 20140457302 BOOK 29208, PAGE 4265 in the Official Records of Miami Dade County on the basis "the Assignment was recorded in error."

8. On or about October 16th, 2014, Defendants, PEIRSON PATTERSON, LLP AND WILLIAM H. PEIRSON, prepared and recorded a Florida Rescission of Assignment, RESCINDING BOTH THE ASSIGNMENT OF THE NOTE AND THE MORTGAGE, Exhibit 4, CFN 20140717300, BOOK 29350, PAGE 4537, of the Assignment of Mortgage, Exhibit 2, CFN 20140457301 BOOK 29208, PAGE 4256 in the Official Records of Miami Dade County on the basis "the Assignment was recorded in error."

9.  At all times relevant herein, the Defendants acted on behalf of the other defendants, for the benefit of the other defendants, and conspired with the other Defendants.

10. Demand has been made upon defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES to rescind the final assignment, Exhibit 5, CFN 20140415476 BOOK 29186, PAGE 4733 in the Official Records of Miami Dade County, from DEFENDANT Ocwen Loan Servicing, LLC to Christiana Trust, a division of Wilmington Savings Fund Society, FSB as trustee for the Knoxville 2012 Trust, but as of the time of the filing of the complaint, the Defendants and each of them have failed and refused to rescind the assignments, even though the chain of erroneous assignments in the title is clearly broken and the Defendants, and each of them are and were not bona fide purchasers for value and did not and do not own the subject mortgage. Furthermore, the longstanding law since *Carpenter v. Longan* is that "An assignment of a mortgage, apart from the debt, is a nullity. It is well-settled and long recognized that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 83 U.S. 271, 274, 21 L. Ed 313, 315 (1873). Here, the mortgage is a nullity as it was separated from the note.

11. Further, according to Judge Sigler of the Miami Dade Circuit Court, "the assignments were fabricated for illicit purposes of providing a false chain of title to bolster standing for 21st Company and in pending actions" where none existed and done intentionally to cause financial harm to the Eskanos and for the purpose of the Defendant's financial gain, entitling the Eskanos to unlimited exemplary damages against the Defendants, and each of them. See Transcript of Hearing before Judge Sigler.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the underlying claims in this action based the fact that the

    conduct which is alleged to be harmful occurred in this County, and the property upon

    which the title is being slandered is located in this County. The Defendants, and each of

    them, directed their conduct in this County and committed the harm here. Furthermore,

    this is a core proceeding as it affects a fraudulent lien on the bankruptcy estate. FRBP

    7001(1) § 547 recovery of money or property, preference; and pursuant to FRBP 7001(2),

    to determine the Validity, Priority or Extent of Lien or other interest in property. Venue in

    this Court is proper under 29 U.S.C. § 1408(1) and 1409(a).

## PARTIES

### Plaintiffs

13. Plaintiffs Barry B. Eskanos, JD MPA is a resident of the State of Florida, and Miami Dade

    County, and the homestead owner of the property which is the subject of this action and

    assignee of any right of recovery from his spouse, Ami Eskanos.

### Defendants

14. Defendant WILLIAM H. PEIRSON and PEIRSON PATTERSON, LLP whose business

    address is 13750 Omega Road, Dallas, TX 75244-4505, with a principal place of business

    to be 4400 ALPHA RD, DALLAS, TX 75244-4505 and INDECOMM GLOBAL

    SERVICES pursuant to Rule 7004, service shall be made by First Class Mail, Postage

    Prepaid at the usual place of abode or the place where the individual regularly conducts a

    business or profession..

15. Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES business

    address is 2925 Country Drive, St. Paul MN 55117, with a principal place of business to

be 200 Middlesex Essex Turnpike, Suite 103, Iselin, NJ 08830 and INDECOMM GLOBAL SERVICES and pursuant to Rule 7004, service shall be made by First Class Mail, Postage Prepaid at the usual place of abode or the place where the individual regularly conducts a business or profession.

16. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is a national association pursuant to Rule 7004, service shall be made by First Class Mail, Postage Prepaid at the usual place of abode or the place where the individual regularly conducts a business or profession..

17. CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR THE KNOXVILLE 2012 TRUST is not a registered trust in the State of Florida, is doing business here unlawfully and as a result, has pursuant to Rule 7004, service shall be made by First Class Mail, Postage Prepaid at the usual place of abode or the place where the individual regularly conducts a business or profession.

## FIRST CLAIM FOR RELIEF

### (Disparagement Of Title Or Property)

18. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. This is an action for monetary and other relief pursuant to the disparagement of title or property. See *Procacci v. Zacco*, 402 So.2d 425 (Fla. 4th DCA 1981); W. Prosser, Handbook of the Law of Torts § 128 (4th ed. 1971). Libel and slander involve defamation of personal reputation. "Slander of title" involves defamation of property interests. *Old Plantation Corp. v. Maule Industries, Inc.*, 68 So.2d 180 (Fla. 1953). Florida courts have repeatedly recognized the interplay between libel and slander on the one hand, and "slander

of title" on the other. Indeed, the statute of limitations applicable to libel and slander has been held applicable to "slander of title". *Carey v. Beyer*, 75 So.2d 217 (Fla. 1954); *Old Plantation Corp. v. Maule Industries, Inc., supra.* In a disparagement action the plaintiff must allege and prove the following elements: (1) A falsehood (2) has been published, or communicated to a third person (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff and (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff; and (5) special damages are proximately caused as a result of the published falsehood. See *Allington Towers Condominium North, Inc. v. Allington Towers North, Inc.*, 415 So.2d 118 (Fla. 4th DCA 1982); *Continental Development Corp. of Florida v. Duval Title & Abstract Co.*, 356 So.2d 925 (Fla. 2d DCA 1978); *Gates v. Utsey*, 177 So.2d 486 (Fla. 1st DCA 1965); Restatement (Second) of Torts §§ 623A-634, 651 (1977); W. Prosser, Handbook of the Law of Torts § 128 (4th ed. 1971). *Bothmann v. Harrington*, 458 So. 2d 1163 - Fla: Dist. Court of Appeals, 3rd Dist. 1984.

20. As defined in Florida Statute 817.535(1)(a), the Defendants, and each of them, "filed" the assignments by presenting the instruments for recording in an official record or caused them to be presented for recording in an official record. Their names appear as the preparer and filer on the top of Exhibits 1, 2, 3, 4 and 5.

21. As defined in Florida Statute 817.535(1)(b), the Defendants, and each of them qualify as the "filer" because they were the person who presents an instrument for recording in an official record or causes an instrument to be presented for recording in an official record. The Defendants names appear as the preparer and filer on the top of Exhibits 1, 2, 3, 4 and 5.

7

22. As defined by Florida Statute 817.535(1)(c), Exhibits 1, 2 and 5 are "instruments" since the statute lists "assignments" as an "interest" in real property.

**ELEMENTS**

23. (1) A falsehood – As reflected in Exhibits 1 and 3 and 2 and 4, the recording of Exhibits 1 and 2 were admitted by the Defendants WILLIAM H. PEIRSON and PEIRSON PATTERSON, LLP, OCWEN, FDIC and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, to be false as they state, on their face "the assignment was recorded in error."

24. Florida statute "Section 817.535 - Unlawful filing of false documents or records against real or personal property" makes the filing of Exhibit 1 and Exhibit 2 by the Defendants WILLIAM H. PEIRSON and PEIRSON PATTERSON, LLP, OCWEN, and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Florida Statute Section 817.535 2(b)), and since they recorded two false assignments, that constitutes two separate criminal acts.

25. Plaintiff Debtor is entitled to a declaratory judgment finding that the wild assignment on the Plaintiffs property is void and done in direct contradiction to the statements and representations by the FDIC. As proven and admitted by the Defendants WILLIAM H. PEIRSON and PEIRSON PATTERSON, LLP Exhibits 3 and 4, the recording of Exhibits 1 and 2 were done in "error". Furthermore, the assignments were false, and rescinded by the FDIC, and the FDIC had already denied their interest in the subject property by means of emails, letters, and affidavits that were filed in cases in which JPMorgan Chase as signor was a party. JPMorgan Chase knew that the FDIC had already disclaimed any interest in the subject mortgage and abandoned it in favor of the Eskanos. JPMorgan Chase also itself

8

disavowed any interest in the subject mortgage prior to executing the assignments on behalf of the FDIC. JPMorgan Chase had already filed affidavits in the Circuit Court of OHIO and Miami Dade where the FDIC had disavowed any interest in the subject mortgage in favor of the Eskanos. Steve Pruss, on behalf of the FDIC stated unequivocally: "Further, FDIC as Receiver for Washington Mutual Bank does not, and never has had, ownership of the loan at issue and has taken no action to declare your loan in default or foreclose on any collateral. FDIC as Receiver for Washington Mutual Bank disclaims any legal or equitable right, title, estate, lien or interest in the note and collateral whatsoever, including any claim which would be adverse to your title or interest in said collateral, or otherwise cloud your title or interest in the collateral." He also said that "Because Washington Mutual Bank, FA did not file a claim prior to obtaining the void foreclosure judgment in this case, it is void for want of jurisdiction." Washington Mutual Bank, FA as Plaintiff knew to file a claim with the Receiver and did not do so by December 30th, 2008.

The FDI Act provides that "[n]o attachment or execution may issue by any court upon assets in the possession of the receiver." 12 U.S.C. § 1821(d)(13)(C). Similarly, Section 1825(b)(2) provides: "When acting as receiver, the following provisions shall apply to the Corporation.... (2) No property of the Corporation shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the corporation, nor shall any involuntary lien attach to the Property...." Congress's purpose in enacting § 1821(d)(13)(C) is to avoid interference with the receiver's ability to dispose of assets and preclude post-receivership improvement of position. See *Resolution Trust Corp. v. Cheshire Mgmt. Co., Inc.*, 18 F.3d 330, 334 (6th Cir. 1994) (not allowing a judgment lien to stand against assets held by RTC as receiver - citing *GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998

F.2d 853, 857 (10th Cir.1993) (§§ 1821(d)(13)(C) and 1825(b)(2) prohibit any "ancillary remedy in aid of execution to obtain payment of a judgment")). Simply, Courts may not issue attachments or executions upon assets in the possession of the Receiver." Therefore, the foreclosure judgment in Case No. 2005-6570-CA-01against the Eskanos and the FDIC is void ab initio for want of jurisdiction.

Steve Pruss said, "[a]s to Plaintiffs claims for the pre-failure acts/omissions of Washington Mutual Bank; by statute Washington Mutual Bank, FA MUST file a claim with the Receiver and fully comply with the administrative claims process before adding or naming the Receiver to any Litigation or continuing the action against Washington Mutual Bank, FA as a Defendant. As the Receiver's records do not reflect that Washington Mutual Bank, FA has ever filed a claim against the Receiver, the FDIC as Receiver for the subject property or the second mortgage, the judgment against Washington Mutual Bank, FA is void."

Creditors, which specifically includes Washington Mutual Bank, FA suing Washington Mutual Bank, FA, having a claim against the Receiver must first comply with the receivership administrative claims process before filing litigation -- or continuing litigation filed pre-failure -- against the Receiver. See 12 U.S.C. §1821(d)(3) – (13). The time for filing administrative claims against the Receiver expired on December 30, 2008 (the "Claims Bar Date"). Because Washington Mutual Bank, FA knew about the Claims Bar Date and did not file a claim in the pending case as required, the voided foreclosure judgment is void. Further, the claims filed by JPMC in 2015 are similarly barred since Washington Mutual Bank, FA never filed a claim. As Washington Mutual Bank, FA admitted, the note and mortgage never transferred and thus a claim was required. No claim

was made, and the summary judgment is VOID. Section 1821(d)(13)(D) is designed to preserve the integrity of the administrative claims process established by FIRREA. It therefore "bars judicial review of any non-exhausted claim * * * which is 'susceptible of resolution through the claims procedure.'" *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir.) (quoting *Rosa v. RTC*, 938 F.2d 383, 394 (3d Cir.), cert. denied, 502 U.S. 981 (1991)), 510 U.S. 995 (1993). Washington Mutual had every opportunity to file a claim against Washington Mutual, and failed to do so. Because the FDIC's liability for claims against a receivership is limited to the assets of the receivership, 12 U.S.C. 1821(i)(2); *Maher v. FDIC*, 441 F.3d 522, 525-526 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 1357 (2007); *First Ind. Fed. Sav. Bank v. FDIC*, 964 F.2d 503, 507 (5th Cir. 1992), claims filed after the receivership has terminated and its assets have been distributed are not "filed in time to permit payment," 12 U.S.C. 1821(d)(5)(C)(ii)(II). Petitioners did not file their claim, it is too late to file a claim, and the default judgment is void and unenforceable. As a result, in order to circumvent the fact that the Debtor / Plaintiff is entitled to a judicial declaration that the judgment of foreclosure is void and can be stricken from the official records, Case No. 05-6570-CA-01, the fraudulent assignment was created and recorded, then rescinded, except the remaining assignment.

26. All the pleadings were a matter of public record, including the denial by the FDIC of any interest in the subject mortgage that was fraudulently assigned by the Defendants.

27. The recorded assignment, Exhibit 5, by Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES is clearly also a false document. The chain of title has been irreparably broken by the rescission of the assignments, Exhibits 3 and 4. Furthermore, Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES

are therefore guilty of a felony in the second degree punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Florida Statute Section 817.535 2(b).

18.    The assignments were further false because from September 25th, 2008 to the recording of the false assignments, the FDIC had placed in sworn affidavits, emails and phone calls to the Plaintiff that "Further, FDIC as Receiver for Washington Mutual Bank not, and never has had, ownership of the loan at issue and has taken no action to your loan in default or on any collateral. FDIC as Receiver for Washington Mutual Bank any legal or equitable right, title, estate, lien or interest in the subject property and collateral whatsoever, including any claim which would be adverse to  title or interest in said collateral, or otherwise cloud your title or interest the collateral." The assignments made the statements and affidavits of the FDIC all perjury.  The FDIC ordered the rescission in order to attempt to repair the fraud perpetrated by the Defendants.  Some of that fraud remains with Exhibit 5.

19.    Similarly, because Exhibits 1 and 2 were done in error, the third assignment in the chain is Exhibit 5.  That Exhibit remains as of the filing of this complaint, even though the assignment cannot stand as the chain is irrevocably and irrefutably broken by the rescission of Exhibits 1 and 2 by Exhibits 3 and 4.  Exhibit 5 is an instrument that was filed and recorded by Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES and is a false document or record against real property, as there was no predecessor in interest.

20.    (2) has been published, or communicated to a third person – The publication of the assignments are a matter of public record and were published in the official records of Miami Dade County Recorders Records. The documents can be readily seen by the public,

and were seen by members of the public, including the Plaintiffs as well as the Circuit Court Judges and Federal Court Judge in Washington DC who relied on those assignments in making their rulings, and therefore were communicated to third persons.

21.    (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff – The assignments improperly created an interest in the void mortgage in favor of a party (Christiana Trust) that is not a bona fide purchaser for value, and had no right to acquire the interest.  The assignments further had the effect of preventing or inducing others not to deal with the plaintiffs, including extending loans with the property as collateral, refinancing the mortgage held by Eskanos Enterprises, or the ability to sell the property free of the fraudulent assignment of a void mortgage that was abandoned back to the Plaintiffs by the FDIC.

22.    (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff –

a.    The result of the conduct of the Defendants actually and proximately fabricated standing and permitted a party without standing, the Christiana Trust, to falsely intervene in case 2012-22689-CA-01 and seek an order setting aside and vacating the judgment in that case that vacated the foreclosure judgment in 05-6570-CA-01;

b.    Then the Trust, using the fraudulent "erroneous" chain of assignments, substituted as plaintiff in the foreclosure action, 05-6570-CA-01 and improperly sought and obtained an order for the forced sale of the Plaintiffs home, using the fraudulent "erroneous" assignments as their basis for standing.

c.    That the false assignments materially and substantially devalue the Plaintiffs property, preventing the sale on the open market for full and fair market value;

13

d.      The false assignments prevent the refinance of the Eskanos Enterprise mortgage.

23.    (5) special damages are proximately caused as a result of the published falsehood – said special damages suffered by the Plaintiffs include the attempted sale of their home and loss of 3.2 million dollars of equity; harm to their credit; severe emotional distress for defending a fraudulent foreclosure and sale after already undergoing a ten year battle against the banks, including but not limited to, a forged promissory note, false affidavits, misrepresentations to the court on standing, fraudulent transfers, ownership and perjury. Plaintiffs additionally are incurring attorney's fees and court costs in undoing the harm caused by the false assignments, including, but not limited to, fees and costs incurred to remove the foreclosure case to Federal Court because the judgment in that action is void under FIRREA; attorney's fees for motions in Florida; all in an amount according to proof.

24.    Given the subsequent rescission of Exhibits1 and 2 by Exhibits 3 and 4, there is no doubt that actual malice existed, in that the Assignments were admitted to be filed in error by the Defendants WILLIAM H. PEIRSON and PEIRSON PATTERSON, LLP?  Furthermore, the willful refusal to rescind a known erroneous assignment by Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES after the rescission of the remainder in the chain of assignments is evidence of actual malice and entitles the Plaintiff to punitive damages in an amount to be proven at trial based on the net worth of the companies, but in the event of default, treble the damages of Plaintiffs according to proof.

25.    Said conduct was committed with Malice. Malice as a basis for recovery of actual damages, as distinguished from punitive damages should mean that the act or refusal was deliberate conduct without reasonable cause. See, 8 Institute on Oil and Gas, 357. Malice as a basis for recovery of punitive damages should mean actual malice, that is, ill will, bad or evil

motive, or such gross indifference to or reckless disregard of the rights of others as will amount to a wilful or wanton act... ." Here, at a minimum, the conduct was filled with ill will, bad or evil motive because the Defendants did so to fabricate standing, violated FIRREA and recorded the slanderous assignment solely to fabricate standing. At a minimum, the conduct was by gross indifference or in reckless disregard of the Plaintiff's rights, as evidenced by the fact that the assignments were a nullity, and an assignment of a mortgage only, but the rescission included the note. — *Collier County Publishing Co., Inc. v. Chapman*, 318 So. 2d 492, 495 – Fla. 2d DCA (1975), citing *Kidd v. Hoggett*, 331 S.W.2d 515 (Tex. Civ. App. – 1960).

26.   The mortgage was separated from the note by reason of the assignments, the note is a nullity;

27.   The foreclosure judgment was void by reason of Washington Mutual Bank, FA's failure to comply with FIRREA and failure to file a timely claim against Washington Mutual Bank, FA, making the judgment void;

28.   The Debtor / Plaintiff is entitled a judicial declaration removing the slanderous documents as a lien from the subject property.

29.   Further, because the assignment was clearly done in bad faith, the Court should award declaratory relief striking the wild assignment and grant monetary damages to the Plaintif in the sum of 3.2 million dollars in compensatory damages and 9.6 million in punitive damages.

WHEREFORE, Plaintiff demands declaratory relief against Defendants, and each of them, jointly and severally quieting title for slander of title, FIRREA, forgery, and such other relief as this Court deems just and proper. Punitive damages are proper and in the case of *TXO Production Corp. v.*

15

*Alliance Resources Corp.*, a punitive damage award of $10,000,000 in a West Virginia slander of title case was upheld by the United States Supreme Court.

### SECOND CLAIM FOR RELIEF

(Negligence Per Se)

30.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.    It is well established that a cause of action for negligence consists of three essential elements which must be alleged and proved: (1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure. See *Stahl v. Metropolitan Dade County*, 438 So.2d 14 (Fla. 3d DCA 1983). Defendants, and each of them, owed Plaintiffs a duty of due care in the preparation of assignments of mortgages to insure that the documents they prepared were not false and were accurate as required and set forth in the statutes, 817.535, et seq. and as already incorporated herein.

32.    Defendants and each of them admitted to the violation of statute by filing the rescission of the erroneous assignments, by failed to perform that duty and failed to conform to the statutory duties by preparing and filing and recording false documents with the county of Miami Dade.

33.    That Plaintiffs, as an actual and proximate cause of the negligence per se and violation of statute of the Defendants, suffered actual damages according to proof, including loss of equity in their home of 3.2 million dollars; suffered severe emotional upset and aggravation, attorney's fees in attempting to mitigate and undo the harm caused by the false

assignments, harm to their credit; loss of a billion dollar judgment, and such other and further damages as will be proven at the time of trial.

WHEREFORE, Plaintiff demands declaratory relief striking the slanderous documents, monetary damages against Defendants, in an amount according to proof, against each of them, jointly and severally for negligence and such other relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

#### (Negligence)

34.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.    It is well established that a cause of action for negligence consists of three essential elements which must be alleged and proved: (1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure. See *Stahl v. Metropolitan Dade County*, 438 So.2d 14 (Fla. 3d DCA 1983).

36.    Defendants, and each of them, owed Plaintiffs a duty of due care in the preparation of assignments of mortgages to insure that the documents they prepared were not false and were accurate.

37.    Defendants, and each of them admitted by filing the rescission of the erroneous assignments, failed to perform that duty by preparing and filing and recording false documents with the county of Miami Dade.

38.    That Plaintiffs, as an actual and proximate cause of the negligence of the Defendants, suffered actual damages according to proof, including loss of equity in their home of 3.2

million dollars; suffered severe emotional upset and aggravation, attorney's fees in attempting to mitigate and undo the harm caused by the false assignments, harm to their credit; loss of a billion dollar judgment, and such other and further damages as will be proven at the time of trial.

WHEREFORE, Plaintiff demands an order striking all recorded documents as they constitute a slander on the title belonging to the Debtor and Plaintiff, monetary damages against Defendants, and each of them, jointly and severally for negligence and such other relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF

(Negligent Misrepresentation)

39.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.    It is well established that a cause of action for negligent misrepresentation, four elements must be presented. (1) There was a misrepresentation of a material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the represented intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation. *Florida Women's Medical Clinic, Inc. v. Sultan*, 656 So.2d 931, 933.

41.    (1)    There was a misrepresentation of a material fact - the Defendants, and each of them, misrepresented all the facts contained in the assignments, Exhibits 1, 2 and 5. The facts were material in that they created a chain of ownership which resulted in standing for the Trust to seek a forcible sale of the Plaintiffs' property to the great detriment of the

18

Plaintiffs. The representation was also that the note was authentic, when in fact it was a forgery.

42.    (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false. The assignments were false, and rescinded by the FDIC, and the FDIC had already denied their interest in the subject property by means of emails, letters, and affidavits that were filed in cases in which JPMorgan Chase was a party. JPMorgan Chase knew that the FDIC had already disclaimed any interest in the subject mortgage. JPMorgan Chase also itself disavowed any interest in the subject mortgage prior to executing the assignments on behalf of the FDIC. JPMorgan Chase had already filed affidavits in the Circuit Court of OHIO and Miami Dade where the FDIC had disavowed any interest in the subject mortgage. All the pleadings were a matter of public record, including the denial by the FDIC of any interest in the subject mortgage that was fraudulently assigned by the Defendants. JPMorgan Chase also claimed they never foreclosed on the subject property, had no interest in the subject property, and the subsequent assignment by JPMorgan Chase constituted a direct contradiction to statements made to the Court and the Consumer Financial Protection Bureau. JPMorgan Chase also knew the note was a forgery and had their own team, headed by Cynthia Riley, to forge the note for sale on the secondary loan market.

43.    (3)    the represented intended to induce another to act on the misrepresentation – That Defendants knew that the Plaintiffs and others, including the court in granting standing to the Trust, would and did rely on the false representations contained in the erroneous

assignments. The note was admitted to be forged for the purpose of sale on the secondary loan market.

44.   (4)   injury resulted to a party acting in justifiable reliance upon the misrepresentation – that, as an actual and proximate cause of the misrepresentations, the Plaintiffs suffered economic and emotional damages in an amount according to proof and already incorporated herein.

WHEREFORE, Plaintiff demands declaratory relief striking the recorded documents, monetary damages against Defendants, and each of them, jointly and severally for negligent misrepresentation and such other relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### (FRAUD)

39.   Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

40.   It is well established that a cause of action for fraud, four elements must be presented. (1) There was a misrepresentation of a material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the represented intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the false misrepresentation. *Florida Women's Medical Clinic, Inc. v. Sultan*, 656 So.2d 931, 933.

a.   Rooker-Feldman DOES NOT apply as the parties are not the same, the conduct which is complained of in this case occurred POST judgment and are unrelated to the foreclosure case, as the Defendant Trust stated that they were NOT relying on the

assignment in the foreclosure case, and the fraud exception applies. The United States Supreme Court has stated for at least ninety years that only "in the absence of fraud or collusion" does a judgment from a court with jurisdiction operate as res judicata. *Riehle v. Margolies*, 279 U.S. 218, 225 (1929).

b.      The exception mentioned by the Fourth Circuit in *Resolute Insurance Co. v. North Carolina* 397 F.2d 586 (4th Cir. 1968) — one for fraud, deception, accident, or mistake. Additionally, the Federal District Court need not give the judgment of the state Court full effect if that judgment was not validly rendered. See, e.g., *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) ("A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere."). It also DOES NOT apply as the parties are not the same. Rooker-Feldman may only be jurisdictional "in the very narrow situations in which the exact same litigants ask the federal courts to rehear issues identical to those on which they have already obtained state court decisions," or when suits "are facially styled as appeals." That is, the jurisdictional bar based on statutory construction should be construed narrowly, rather than expansively. Any claim against an FDIC receivership generally must be submitted to the receiver for determination by the date specified in the FDIC notice to creditors to present their claims, 12 U.S.C. 1821(d)(3)(B), or the claim "shall be disallowed and such disallowance shall be final," 12 U.S.C. 1821(d)(5)(C)(i). There is a limited exception for claims that could not have been filed before that date, but those claims still must be "filed in time to permit payment." 12 U.S.C. 1821(d)(5)(C)(ii)(II). Because the FDIC's liability for claims against a receiver ship is limited to the assets of the receivership, 12 U.S.C. 1821(i)(2); *Maher v. FDIC*, 441 F.3d 522, 525-526 (7th Cir. 2006), cert. denied, 127 S. Ct. 1357 (2007); *First*

*Ind. Fed. Sav. Bank v. FDIC*, 964 F.2d 503, 507 (5th Cir. 1992), claims filed after the receivership has terminated and its assets have been distributed are not "filed in time to permit payment," 12 U.S.C. 1821(d)(5)(C)(ii)(II). The Defendants know that Washington Mutual Bank, FA did not file against the FDIC for their claim against Washington Mutual Bank, FA and now that the FDIC receivership has distributed all the failed bank's assets and been terminated. Accordingly, the Defendants know that the foreclosure judgment is void for want of jurisdiction (12 U.S.C. 1821(d)(5)(C)(i)); argued that Washington Mutual Bank, FA FIRREA judgment is void and so in order to establish standing, fabricated the chain of fraudulent assignments. As this Court and the Defendants know, the power conferred by FIRREA to invoke federal jurisdiction and to remove from state court is substantial. See *Carrollton–Farmers Branch Independent School District v. Johnson & Cravens*, 889 F.2d 571, 572 (5th Cir.1989); *Triland & Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205, 207 (5th Cir.1989). See also *Jameson v. FDIC*, 931 F.2d 290, 291 (5th Cir.1991) (FIRREA extends FDIC's jurisdiction to include persons no longer affiliated with insured institutions); *FDIC v. Griffin*, 935 F.2d 691, 696 (5th Cir.1991) cert. denied, —— U.S. ——, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992) (allowing federal jurisdiction even when FDIC has been voluntarily dismissed as a party). JPMC has ASSERTED standing to assert FIRREA in this case, in the assignments, in the rescinded assignment, and also in the Fraudulent Transfer action which vacates the foreclosure judgment. These issues have not been ruled upon yet by the Circuit Court. Defendant has fabricated the assignment and the FDIC rescinded the same.

41.    (1)    There was a misrepresentation of a material fact –

a.      The Defendants, and each of them, misrepresented all the facts contained in the assignments, Exhibits 1, 2 and 5.

b.      The seek further to enforce a forged note. They also represented they had jurisdiction under FIRREA to obtain a judgment against the Eskanos and Washington Mutual Bank, FA, when they did not file a timely claim prior to obtaining a judgment of foreclosure. That Defendants know under the principles of Due Process and Equal Protection, if the Eskanos' cannot proceed against Washington Mutual Bank, FA in their adversary complaint and in their state court action, then so too did Washington Mutual and 21st know that they had and have no right to enforce a void judgment against the Eskanos. The fabricated the chain of assignments to account for this defect in their underlying case and did so to deceive the court. The Court was deceived by the filings and then the rescission took place.

c.      NO claim was timely filed: The facts were material in that they created a chain of ownership which resulted in standing for the Trust to seek a forcible sale of the Plaintiffs' property to the great detriment of the Plaintiffs.

d.      The representation was also that the note was authentic, when in fact it was a forgery.

e.      Furthermore, the Defendants knew that the Circuit Court had NO jurisdiction to enter a judgment against Washington Mutual Bank, FA

42.     (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false.

a.      The assignments were false, and rescinded by the FDIC, and the FDIC had already denied their interest in the subject property by means of emails, letters, and affidavits that were filed in cases in which JPMorgan Chase was a party.

b.      JPMorgan Chase knew that the FDIC had already disclaimed any interest in the subject mortgage.

c.      JPMorgan Chase also itself disavowed any interest in the subject mortgage prior to executing the assignments on behalf of the FDIC.

d.      JPMorgan Chase had already filed affidavits in the Circuit Court of OHIO and Miami Dade where the FDIC had disavowed any interest in the subject mortgage. All the pleadings were a matter of public record, including the denial by the FDIC of any interest in the subject mortgage that was fraudulently assigned by the Defendants. JPMorgan Chase also claimed they never foreclosed on the subject property, had no interest in the subject property, and the subsequent assignment by JPMorgan Chase constituted a direct contradiction to statements made to the Court and the Consumer Financial Protection Bureau.

f.      JPMorgan Chase also knew the note was a forgery and had their own team, headed by Cynthia Riley, to forge the note for sale on the secondary loan market.

g.      21st and Washington Mutual knew that they had no jurisdiction under FIRREA to obtain a judgment against Washington Mutual and it is void, as they are taking a position directly contrary to the position they took in the Eskanos v. Washington Mutual Bank, Fraudulent Transfer case where they argued that a judgment against Washington Mutual Bank FA is void. Thus, they are seeking to enforce a judgment they already assert is VOID.

24

43.   (3)   the represented intended to induce another to act on the misrepresentation – That Defendants knew that the Plaintiffs and others, including the court in granting standing to the Trust, would and did rely on the false representations contained in the erroneous assignments. The note was admitted to be forged for the purpose of sale on the secondary loan market.  That by seeking to enforce a judgment that 21st has ARGUED is VOID, they are committing a fraud upon the Courts and the Eskanos' and the other creditors in the bankruptcy estate who actually have legitimate claims to enforce.

44.   (4)   injury resulted to a party acting in justifiable reliance upon the misrepresentation – that, as an actual and proximate cause of the misrepresentations, the Plaintiffs suffered economic and emotional damages in an amount according to proof and already incorporated herein.  That the Circuit Court has relied on the representations by 21st in re-setting the sale date on a void judgment. That 21ST ITSELF claims to be the owner of the FORGED note, claiming they are the purchaser.

WHEREFORE, Plaintiff demands declaratory relief striking the recorded documents, monetary damages against Defendants, and each of them, jointly and severally for FRAUD and such other relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally as follows:

1.  An order striking from the official records of Miami Dade the wild assignment, Florida Assignment of Mortgage only, Exhibit 5, CFN 20140415476 BOOK 29186, PAGE 4733 in the Official Records of Miami Dade County and quieting title in favor of the Eskanos

and against the Defendants in the property commonly known as 3122 Pine Tree Drive, Miami Beach, Fl 33140, and whose legal description is:

**LOT 3, BLOCK 44, ORCHARD SUBDIVISION NO.1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN THE PLAT BOOK 6, PAGE 111, OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA (Folio Number 02-3227-001-0330).**

2.  An order finding that the assignment was fraudulently created because the Defendant knew that the foreclosure judgment as void for Washington Mutual Bank, FA for failing to file a FIRREA claim against Washington Mutual Bank, FA in direct violation of FIRREA, which specifically includes the fact that Washington Mutual Bank, FA suing Washington Mutual Bank, FA, having a claim against the Receiver must first comply with the receivership administrative claims process before filing litigation -- or continuing litigation filed pre-failure -- against the Receiver (See 12 U.S.C. §1821(d)(3) – (13)) and created the assignment to provide an interest where no interest existed. The time for filing administrative claims against the Receiver expired on December 30, 2008 (the "Claims Bar Date"). Because Washington Mutual Bank, FA knew about the Claims Bar Date and did not file a claim in the pending case as required, the voided foreclosure judgment is void. Further, the claims filed by JPMC in 2015 are similarly barred since Washington Mutual Bank, FA never filed a claim. As Washington Mutual Bank, FA admitted, the note and mortgage never transferred and thus a claim was required. No claim was made, and the summary judgment is VOID. Section 1821(d)(13)(D) is designed to preserve the integrity of the administrative claims process established by FIRREA. It therefore "bars judicial review of any non-exhausted claim * * * which is 'susceptible of resolution through the

26

claims procedure.'" *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir.) (quoting *Rosa v. RTC*, 938 F.2d 383, 394 (3d Cir.), cert. denied, 502 U.S. 981 (1991)), 510 U.S. 995 (1993). Washington Mutual had every opportunity to file a claim against Washington Mutual, and failed to do so. Because the FDIC's liability for claims against a receivership is limited to the assets of the receivership, 12 U.S.C. 1821(i)(2); *Maher v. FDIC*, 441 F.3d 522, 525-526 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 1357 (2007); *First Ind. Fed. Sav. Bank v. FDIC*, 964 F.2d 503, 507 (5th Cir. 1992), claims filed after the receivership has terminated and its assets have been distributed are not "filed in time to permit payment," 12 U.S.C. 1821(d)(5)(C)(ii)(II). Petitioners did not file their claim, it is too late to file a claim, and the default judgment is void and unenforceable. As a result, the Debtor / Plaintiff knowing that the judgment of foreclosure is void and can be stricken from the official records, Case No. 05-6570-CA-01; and in the face of all this, Defendants created and recorded the fraudulent chain of assignments to intentionally harm the Plaintiffs.

3.   Special Damages in the form of a judgment in favor of Plaintiffs and against Defendants, and each of them, jointly and severally, in the sum of 3.2 million dollars;

4.   General damages according to proof;

5.   Exemplary Damages for fraud, slander of title of three times the fair market value of the Plaintiff's property, pursuant to statute in the sum of $ 9.6 million dollars; and

6.   Any other relief the circumstances may require and the court deems just and proper.

Dated: _____

Respectfully submitted,

By:_____

**BARRY B. ESKANOS, JD MPA**
**3122 Pine Tree Drive**
**Miami Beach, FL 33140**
**305 613-6894**
**bbeskanos@aol.com**